

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| i.think inc., | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | § CIVIL ACTION NO. _____ |
| | § |
| MINEKEY, INC.; | § |
| DELIP ANDRA; and | § |
| INTERNET UNLIMITED, LLC | § |
| | § |
| *Defendants.* | § |

3-08CV0163-P

## NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Defendants Minekey, Inc. ("Minekey") and Delip Andra, with the attached written consent of defendant Internet Unlimited, LLC state the grounds for removal as follows:

1. On January 30, 2008, plaintiff i.think inc. filed a civil action in the District Court of Dallas County, Texas, 160th Judicial District, styled *i.think inc. v. Minekey, Inc., Delip Andra and Internet Unlimited*, Cause No. 08-01055 (the "Action").

2. The Action is a civil action brought in a state court of which the district courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. There is complete diversity of citizenship, and none of the parties in interest properly joined as defendants is a citizen of the state in which the Action is brought.

1

3. At the time the Action was commenced in state court and at the time the Action is removed, Plaintiff i.think inc. was and is a corporation incorporated under the laws of the State of Texas with its principal place of business in the State of Texas.

4. At the time the Action was commenced in state court and at the time the Action is removed, defendant Minekey, Inc. ("Minekey") was and is a corporation incorporated under the laws of the State of California with its principal place of business in the State of California.

5. At the time the Action was commenced in state court and at the time the Action is removed, defendant Delip Andra was and is a natural person and a permanent resident of the United States and domiciled in the State of California.

6. Mr. Andra is the founder and CEO of Minekey, and each of plaintiff's causes of action in its Original Petition appear to allege joint and several liability against Minekey and Andra based on Minekey's actions.

7. At the time the Action was commenced in state court and at the time the Action is removed, defendant Internet Unlimited, LLC ("IU") was and is a Florida limited liability company with its principal place of business in the State of Florida. None of its members is a citizen of the State of Texas. While Plaintiff's Original Petition names IU as a defendant, none of plaintiff's causes of action alleges any claim against IU, and plaintiff's prayer for relief does not specify the relief sought against IU. IU has not been served, but consents to this removal.

8. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff's Original Petition not only seeks damages and attorney's fees in an undisclosed amount but also seeks injunctive relief that would require Minekey and Andra to "expressly abandon" use of "i.think" as a domain name. As shown in the attached declaration of

Mr. Andra, such injunctive relief, if granted, would cost an amount substantially in excess of $75,000. *See* the attached *Declaration of Delip Andra* ¶¶ 3 ff.

9. In addition, and in the alternative, the Action is a civil action brought in a state court of which the district courts of the United States have original jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

10. Plaintiff's Original Petition pleads that plaintiff is the owner of the "i.think.inc." service mark, that said mark is federally registered in the United States Patent and Trademark Office, that said mark is both diluted and infringed by Defendants Minekey and Andra, and that plaintiff seeks injunctive relief and damages. Plaintiff never alleges that it uses its own mark in Texas; instead, plaintiff alleges that it uses its own mark as a domain name on the Internet and for online research, and all alleged instances of confusion occur over the Internet. Plaintiff pleads that its service mark is "famous," but "fame" is not an element of the causes of action for dilution or infringement under Texas law. Instead, "fame" is an element only for an action of dilution under federal law. Plaintiff never alleges that defendants use any mark in Texas. Instead, plaintiff complains of defendants Minekey's and Andra's use of internet domain names. Plaintiff's prayer for injunctive relief is not limited to the State of Texas. All three of plaintiff's demand letters attached to the petition state that Plaintiff will seek injunctive relief and damages under both federal law and Texas law in this action.

11. While plaintiff has apparently avoided expressly labeling any of its claims as federal claims, plaintiff has clearly pled federal rights and claims. Plaintiff's lack of reference to federal law is not controlling and plaintiff's petition does not expressly disclaim plaintiff's federal claims. The claims asserted by Plaintiff raise a contested federal issue. The issue is disputed and substantial, and a federal court can entertain the claim without disturbing the

congressionally approved allocation of cases between state and federal courts. *Grable & Sons Metal Prods. v. Darue Eng'g. & Mfg.*, 545 U.S. 303, 313-14 (2005)

12. The United States District Court for the Northern District of Texas, Dallas Division, is the district court of the United States for the district and division embracing the place where the Action is pending.

13. This Notice of Removal is being filed within thirty days after commencement of the Action in state court and, therefore, is filed within thirty days after the receipt by defendants of a copy of the initial pleading setting forth the claims for relief upon which the Action is based.

14. No process or orders have been served on any of the defendants to date.

15. Attached hereto is an index of all documents filed in the state court, the docket sheet in the state court, and each document filed in the state court action.

16. Promptly after the filing of this Notice of Removal, defendants shall give written notice thereof to plaintiff and shall file a copy of the notice with the clerk of the state court.

WHEREFORE, defendants pray that this action be considered removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully Submitted,

*(signature)*

**Craig W. Weinlein**
  State Bar No. 21095500
**Barry R. Bell**
  State Bar No. 02068550
**Omar Kilany**
  State Bar No. 24026974
**CARRINGTON, COLEMAN, SLOMAN &**
  **BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone: (214) 855-3000
Facsimile: (214) 855-1333

*Attorneys for Defendants Minekey, Inc.
and Delip Andra*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record in the above cause in accordance with Rule 5, Federal Rules of Civil Procedure, on this  1st  day of February, 2008.

*(signature)*

797109.1

5