UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **i.think inc.,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-08CV0163-P |
| | § | |
| **MINEKEY, INC.;** | § | |
| **DELIP ANDRA; and** | § | |
| **INTERNET UNLIMITED, LLC** | § | |
| | § | |
| *Defendants*. | § | |

### MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE COURT:

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant Delip Andra ("Andra") moves to dismiss the claims asserted against him in Plaintiff's Original Petition and Application for Temporary and Permanent Restraining Order for lack of personal jurisdiction. Andra is not a resident of Texas and lacks sufficient contacts with Texas to give rise to either specific or general jurisdiction. Further, the imposition of personal jurisdiction over Andra by a Texas court would offend traditional notions of fair play and substantial justice.

### I. FACTS

There are virtually no jurisdictional allegations relating to Andra in Plaintiff's Original Petition and Application for Temporary and Permanent Restraining Order ("Original Petition"). Indeed, Plaintiff concedes in Paragraph 3 of the Original Petition that Andra resides in Sunnyvale, California. Andra is a permanent resident of the United States (i.e. a holder of a

"green card"); and is domiciled in California, not Texas. [App. p. 3 (Andra Decl., ¶ 2)] Andra has never been a resident of Texas. [App. p. 3 (Andra Decl., ¶ 3)]

Andra is the founder and CEO of Defendant Minekey, Inc. [App. p. 3 (Andra Decl., ¶ 2)] Andra has never attended school in Texas. [App. p. 3 (Andra Decl., ¶4)] He has never been employed in Texas, nor has he ever engaged in business in Texas. [App. p. 3 (Andra Decl., ¶¶ 5,6)] Andra has never owned or leased real or personal property in Texas. [App. p. 3 (Andra Decl., ¶¶ 7-10)] He has never maintained a bank account in Texas. [App. p. 3 (Andra Decl., ¶ 11)] He had never maintained an office, address, directory listing, answering service, or telephone number in Texas, nor has he maintained a place of business, an office, or other facilities in Texas. [App. p. 4 (Andra Decl., ¶¶ 12, 14)] Andra has never paid any taxes to the state of Texas. [App. p. 4 (Andra Decl., ¶13)] With the exception of this lawsuit, he has never been a defendant in a lawsuit filed in a state or federal court in Texas, and has never been a plaintiff in a lawsuit filed in a state or federal court in Texas. [App. p. 4 (Andra Decl., ¶ 16)]

With respect to the domains "ithink.com" and "ithink.net" referenced in the Original Petition, Andra did not purchase, acquire, lease or use these domains in his personal capacity. [App. p. 4 (Andra Decl., ¶ 15)] Andra has only been personally present in Texas twice, once when he visited friends in Houston, and once when he visited friends in Dallas. [App. p. 4 (Andra Decl., ¶ 18)] Both such trips occurred more than 5 years ago. *Id.*

Finally, Andra has no business or personal reason to travel to, or be in, Texas. [App. p. 4 (Andra Decl., ¶ 17)] Any travel to Texas in connection with this lawsuit would be a significant inconvenience and burden to him [App. p. 4 (Andra Decl., ¶ 17)], contrary to requirements of fair play and substantial justice.

## II.  ARGUMENT AND AUTHORITIES

A.  **This Court Lacks Personal Jurisdiction Over Andra.**

When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden to prove the existence of personal jurisdiction over the defendant. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).  Andra is not and has never been a resident of Texas.  [App. p. 3 (Andra Decl., ¶ 3)].  Andra is instead a permanent resident of the United States, domiciled in California.  [App. p. 3 (Andra Decl., ¶ 2)]  Accordingly, plaintiff must prove that Andra purposefully established certain "minimum contacts" with Texas and that the assertion of jurisdiction over Andra in Texas would not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1496 (5th Cir. 1993).  No personal jurisdiction exists *unless* Andra purposefully availed himself of the privilege of conducting activities within the forum state and thus invoked the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

When considering whether a defendant has purposefully availed himself of a forum by establishing minimum contacts with that forum, the court considers whether the defendant's contacts give rise to either general jurisdiction or specific jurisdiction. *Dominion Gas Ventures, Inc. v. N.L.S., Inc.*, 889 F. Supp. 265, 267 (N.D. Tex. 1995) (Solis, J.).  To establish specific jurisdiction, the plaintiff must show that the defendant "purposefully directed" his activities at the forum, and the litigation must result from alleged injuries that "arise out of or relate to" the defendant's activities directed at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992).  The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact

with the forum. *E.g., Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Stuart v. Spademan*, 772 F.2d 1185, 1190 (5th Cir. 1985). Furthermore, isolated acts do not give rise to a nonresident being haled into a distant forum. *See Burger King Corp.*, 471 U.S. at 475 n.18. As a result, a single act may give rise to only an attenuated connection with the forum that would be insufficient to support a court's exercise of personal jurisdiction. *Id.*

Alternatively, a plaintiff seeking to establish general jurisdiction might attempt to show that the defendant has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984); *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447-48 (1952); *Wilson*, 20 F.3d at 647. To support a finding of general jurisdiction, the defendant must have had substantial contacts with the forum state. *Preussag Aktiengesellschaft v. Coleman*, 16 S.W.3d 110, 114 (Tex. App.--Houston [1st Dist.] 2000, no pet.). General jurisdiction therefore requires much stronger evidence of contacts with the forum than specific jurisdiction. *Coleman*, 16 S.W.3d at 114. For example, in *Helicopteros*, the Supreme Court concluded that a defendant which had purchased approximately 80% of its helicopter fleet, spare parts, and accessories for more than $4 million from Bell Helicopter in Ft. Worth, sent prospective pilots to Ft. Worth for training and to ferry aircraft to South America, sent management and maintenance personnel to Ft. Worth for technical consultation, and received over $5 million in payments drawn on a bank in Houston was *not* subject to general jurisdiction in Texas. 466 U.S. at 416.

    1.    *No Specific Personal Jurisdiction Exists Over Andra in Texas.*

Plaintiff's Original Petition contains virtually no allegations or suggestions that the parties' dispute "arises out of" or "relates to" any of Andra's acts or omissions in or related to Texas. As described in more detail above, Andra has had almost no contact with the state of

Texas, other than two personal trips to visit friends that occurred more than five years ago. Plaintiff's petition on its face fails to show the existence of specific jurisdiction over Andra, and Andra has submitted evidence demonstrating his lack of contact with the state of Texas. [App. pp. 3-4 (Andra Decl., ¶¶ 2-18)] Accordingly, specific jurisdiction over Andra is lacking in this case.

### 2. *No General Personal Jurisdiction Exists Over Andra in Texas.*

The contacts test for general jurisdiction is considerably more demanding and requires proof of far more contacts with the forum state than for specific jurisdiction. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987); *see also Helicopteros*, 466 U.S. 408 (no general jurisdiction despite extensive business contacts with Texas). Here, plaintiff bears the burden of proving that Andra's contacts with the state of Texas are so "continuous" and "systematic," that a Texas court has personal jurisdiction over him regardless of the subject matter of the suit, and despite the fact that Andra has never been a resident of Texas. But as noted above, Plaintiff alleges almost no jurisdictional facts concerning Andra personally, and in fact, Andra has had virtually no contact with the state of Texas and has never been a resident of Texas. [App. pp. 3-4 (Andra Decl., ¶¶ 2-18)] Accordingly, there is not the sort of "continuous and systematic" contacts required for the existence of general jurisdiction. *See, e.g., Southern v. Glenn*, 677 S.W.2d 576, 583 (Tex. App.--San Antonio 1984, writ ref'd n.r.e.) (upholding trial court's dismissal for lack of personal jurisdiction despite evidence that defendant had resided in Texas, voted in the 1976 presidential election in Texas, and held a Texas driver's license); *Luker v. Luker*, 776 S.W.2d 624, 625-26 (Tex. App.--Texarkana 1989, writ denied) (no minimum contacts where cause of action arose five months after defendant ceased to be a Texas resident, even though defendant continued to hold a Texas driver's license, travel to Texas three or four

times a year, and financed an automobile in Texas); *Vosko v. Chase Manhattan Bank, N.A.*, 909 S.W.2d 95, 99 (Tex. App.--Houston [14th Dist] 1995, writ denied) (holding prior contacts with Texas, including residence and driver's license that ended three years before cause of action arose did not confer personal jurisdiction); *Al-Turki v. Taher*, 958 S.W.2d 258, 263 (Tex. App.--Eastland 1997, pet. denied) (no general jurisdiction over shareholder of company with principal place of business in Houston); *Tuscano v. Osterberg*, 82 S.W.2d 457, 466-67 (Tex. App.--El Paso 2002, no pet.) (no general jurisdiction over corporate agents or employees of entity that does business in Texas). Accordingly, general jurisdiction over Andra is lacking in this case.

### III. CONCLUSION

For the foregoing reasons, defendant Andra requests that this Court dismiss the claims against him for lack of personal jurisdiction.

Respectfully Submitted,

*/s/ Craig W. Weinlein*
**Craig W. Weinlein**
   State Bar No. 21095500
**Barry R. Bell**
   State Bar No. 02068550
**Prescott Smith**
   State Bar No. 24013534
**CARRINGTON, COLEMAN, SLOMAN &**
   **BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, Texas 75202
Telephone:     (214) 855-3000
Facsimile:     (214) 855-1333

*Attorneys for Defendants Minekey, Inc.
and Delip Andra*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record in the above cause in accordance with Rule 5, Federal Rules of Civil Procedure and Local Rule 5.1(d) on this 12th day of February, 2008.

*/s/ Craig W. Weinlein*