UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| i.think inc., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-08-CV-0163-P |
| | § | |
| MINEKEY, INC; | § | |
| DELIP ANDRA; and | § | ECF |
| INTERNET UNLIMITED, LLC | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO REMAND

Pursuant to 28 U.S.C. § 1446, Plaintiff i.think inc. moves the Court to remand this case as follows:

### I. Legal Standard.

As this Court is well aware, "The burden is on the defendant to prove federal jurisdiction exists over the state court suit." *Rogers v. All Am. Life Ins. Co.*, No. Civ.A. 3:97-CV-3084P, 1998 WL 401599, at *1 (N.D. Tex. July 9, 1998) (Solis, J.) (citing *Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)). "When dealing with removal under 28 U.S.C. § 1446(b), courts should construe the removal statute strictly." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941)). "In making its determination, courts need to resolve all disputed factual and legal questions in favor of the non-removing party." *Id.* (citing *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992)). "All doubts must be settled in favor of remand on a motion to remand a case that has been removed to federal court." *Id.* (citing *Vasquez v. Alto Bonito Gravel Plant Corp.,* 56 F.3d 689, 694 (5th Cir. 1995)).

## II. Factual Background.

i.think inc. is an online research services company, with over ten years of experience. (Appendix at 1 (hereafter "App. at __")) Defendants Minekey, Inc. ("Minekey") and Delip Andra ("Andra") (collectively "Defendants") use "iThink" on the domains ithink.com and ithink.net in connection with online opinion polls. (*Id.* at 2) i.think inc. discovered Defendants' use of "iThink" on the ithink.com and ithink.net domains in December 2007. (*Id.*) On January 8, 2008, i.think sent a cease and desist letter to Defendants demanding that they cease using "iThink" and transfer the domains. (*Id.*) Defendants did not deactivate the website or transfer the domains. (*Id.*)

As a result, on January 30, 2008, Plaintiff i.think inc. filed an Original Petition and Application for Temporary and Permanent Restraining Order in *i.think inc. v. Minekey, Inc., Delip Andra and Internet Unlimited*, Cause No. 08-01055, in the 160th Judicial District Court, Dallas County, Texas (the "Action"). (*Id.*) The Action brings claims under Texas Business and Commerce Code §§ 16.29 and 16.29 and breach of contract. (*Id.*) i.think inc. seeks injunctive relief, damages and attorneys' fees. (*Id.*) In the Action, i.think inc. seeks a temporary and permanent restraining order, preventing Defendants from using iThink in connection with surveys at the domains ithink.com and ithink.net. (*Id.*) i.think inc. set its Application for Temporary Restraining Order for hearing on February 1, 2008 at 2:00 p.m. (*Id.* at 3) A couple of hours before the hearing, Defendants filed their notice of removal. (*Id.*)

## III. Arguments and Authorities.

This Court does not have subject matter jurisdiction over the Action. Specifically, diversity jurisdiction under 28 U.S.C. § 1332 does not exist because the amount is controversy is

less than $75,000.00, exclusive of interest and costs. Additionally, i.think inc. has pled no causes of action "arising under" any federal laws.

### A.  This Court Lacks Diversity Jurisdiction Over This Action.

Defendants Minekey and Andra first assert that this Court has diversity jurisdiction. (Notice of Removal ¶ 2) While there is complete diversity of citizenship, this action fails to meet the amount in controversy requirement. "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998) (citation omitted). "The proper measure is the benefit or value to the plaintiff, not the cost to the defendant." *Canvas Records, Inc. v. Koch Ent. Dist., LLC*, Civil Action No. H-07-0373, 2007 WL 1239243, at *3 (S.D. Tex. Apr. 27, 2007) (citations omitted); *Chambers v. Chase Home Fin. LLC*, Civil Action No. 3:06-CV-0695-G, 2006 WL 3086517, at *4 (N.D. Tex. Oct. 31, 2006) (same).

Defendants assert and put forth evidence of how much it will cost them to comply with an injunction. (Notice of Removal ¶ 8) Courts routinely disregard this type of evidence, as it is irrelevant to Plaintiff's injury. *Sims v. AT&T Corp.*, No. Civ.A.3:04-CV-1972-D, 2004 WL 2964983, at *5 (N.D. Tex. Dec. 22, 2004) ("Accordingly, AT & T cannot establish that the amount in controversy requirement is satisfied based on the pecuniary consequence of its compliance with the requested declaratory and injunctive relief."). Further, Defendants have failed to show how i.think inc.'s claims for damages and attorneys' fees would exceed $75,000.00. *Pilgrim's Pride Corp. v. Frisco Food Servs., Inc.*, Civil Action No. 2:06-CV-512 (TJW), 2007 WL 508365, at *4 (E.D. Tex. Feb. 13, 2007) ("At this early stage of the suit and based on the limited amount of evidence available, the Court agrees with the plaintiff and values

the declaratory relief against Parrco as minimal. Furthermore, the defendants failed to meet their burden of showing that attorneys' fees associated with obtaining declaratory relief against Parrco will exceed $75,000.").

i.think inc. submits to the Court an affidavit, which states that it is not seeking damages in excess of $75,000.00 and in fact expressly waives damages in excess of $75,000.00, excluding costs and interest. *Billing Concepts, Inc. v. OCMC, Inc.*, Civil Action No. SA-05-CA-1084 FB (NN), 2006 WL 1677776, at *5 (W.D. Tex. June 8, 2006) ("Mr. Thomas represents that plaintiff seeks damages in this case not to exceed $75,000.00. Furthermore, in its motion to remand, plaintiff expressly waived damages in excess of $75,000.00 excluding costs and interest. Based on the record as a whole, plaintiff's affidavit serves to clarify the amount in controversy at the time of removal and does not attempt to amend the original complaint. Indeed, it is strong proof that the amount in controversy is less than $75,000.00.").

Accordingly, Defendants cannot meet their burden that this Court has diversity jurisdiction over this action.

### B. No Federal Question Jurisdiction Exists.

Defendants argue in the alternative that this Court has federal question jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338. (Notice of Removal ¶ 9) i.think inc., however, has alleged no federal causes of action and none of i.think inc.'s claims are preempted by federal law. "Under the well-pleaded complaint rule, 'the plaintiff's properly pleaded complaint governs the jurisdictional determination, and if, on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction.'" *Robertson v. W. Heritage Ins. Co.*, CIV.A. No. 3:96-CV-2044-P, 1996 WL 722078, at *2 (N.D. Tex. Dec. 5, 1996) (citations omitted). i.think inc. is not required to invoke every possible basis for recovery,

and the decision not to assert a federal claim does not subject i.think inc. to removal. *Bouie v. Am. Gen. Life & Accident Ins. Co.*, 199 F. Supp. 2d 1259, 1261 (N.D. Fla. 2002) ("First, it presumably is true that if defendants did what they are accused of, their actions violated federal law. But a plaintiff is not required to invoke every possible basis for recovery, and a plaintiff who chooses not to assert a federal claim does not subject himself to removal, just because he could have, but did not, assert such a claim") (citation omitted). Further, "As the masters of their complaint, plaintiffs may avoid a federal question by exclusive reliance on state law. A federal claim does not exist simply because facts are available in the complaint to suggest such a claim." *IMT, Inc. v. Haynes & Boone, L.L.P.*, No. CIV.A. 3:98-CV-2634, 1999 WL 58838, at *1 (N.D. Tex. Feb. 1, 1999) (internal and external citations omitted).

Defendants' claim that i.think inc.'s trademark infringement is not limited to the State of Texas is not controlling for purposes of removal. *1st Nat'l Reserve, L.C. v. Vaughan*, 931 F. Supp. 463, 466 (E.D. Tex. 1996) ("That is, a minimal connection to interstate commerce is *necessary* for subject matter jurisdiction to attach; however, that jurisdictional requirement is *not sufficient* in the removal context. The defendant must prove that the plaintiff seeks relief under the Lanham Act."). The court went on further to state, "the court is of the opinion that a state court may issue remedies that are national and even international in effect." *Id.* at 468.

Defendants' reliance on *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005) is misplaced because in that case the plaintiff put in issue the interpretation of a federal statute. *Id.* at 314-15. Specifically,

> Whether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim, and the meaning of the federal statute is actually in dispute; it appears to be the only legal or factual issue contested in the case. The meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court.

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO REMAND** – Page 5
463771

*Id.* at 315. Here, i.think inc. does not rely on any federal statutes in seeking relief against Defendants and i.think inc.'s causes of action against Defendants do not require interpretation of any federal statutes.

Accordingly, Defendants have failed to meet their burden that this Court has federal question jurisdiction over this action.

Dated: February 13, 2008

Respectfully submitted,

PATTON BOGGS LLP

_/s/ Talcott J. Franklin_
Joseph M. Cox
State Bar No. 04950200
Talcott J. Franklin
Texas Bar No. 24010629
Lawrence R. Youst
State Bar No. 00794898
2001 Ross Avenue, Suite 3000
Dallas, Texas 75201
Telephone: (214) 758-1500
Facsimile: (214) 758-1550

ATTORNEYS FOR PLAINTIFF i.think inc.

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing document was served upon all counsel of record by notice of electronic filing, pursuant to Fed. R. Civ. P. 5(b)(2)(D), today, February 13, 2008.

Craig W. Weinlein
Barry R. Bell
Omar Kilany
CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
(214) 855-3000 (telephone)
(214) 855-1333 (facsimile)

_/s/ Talcott J. Franklin_
Talcott J. Franklin