IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| i.think.inc. | § | |
| | § | |
|        Plaintiff | § | |
| | § | |
| v. | § | Case 3-08CV0163-P |
| | § | |
| MINEKEY, INC., | § | |
| DELIP ANDRA, and | § | |
| INTERNET UNLIMITED, LLC | § | JURY TRIAL DEMANDED |
| | § | |
|        Defendants | § | |

BRIEF IN SUPPORT OF
DEFENDANT INTERNET UNLIMITED'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

COMES NOW, INTERNET UNLIMITED, LLC and files this Brief in Support of its Motion to Dismiss For Failure To State A Claim For Which Relief Can Be Granted and respectfully shows:

SUMMARY OF GROUNDS FOR MOTION

1.    Internet Unlimited's motion asks that this case be dismissed because Internet Unlimited is cited in only one count (III) of Plaintiff's complaint (Appendix – Exhibit "A", pp. 8-9,). That count, entitled "Breach of Contract" fails to state a claim for which relief can be granted because it fails to allege at least two elements (nos. iv and v below) of a breach of contract claim against Internet Unlimited.

2.    The elements of a breach of contract claim in Texas are:

       i.    a valid enforceable contract;

       ii.    the plaintiff is a proper party to sue for breach of contract;

iii.   the plaintiff performed, tendered performance of, or was excused from performing its contractual obligations;

iv.   the defendant breached the contract;

v.   the defendant's breach caused the plaintiff injury.

*Winchek v. American Express Travel Related Servs,* 232 S.W.3d 197, 202 (Tex. App. – Houston [1st Dist.] 2007, no pet.); *Zuniga v. Wooster Ladder Co.,* 119 S.W.3d 856, 862 (Tex. App. – San Antonio 2003, no pet.).

<u>PLAINTIFF'S BREACH OF CONTRACT COUNT</u>

3.   Paragraphs 37 through 43 within Count III of the Complaint state:

"37.   i.think.inc. sent the March 9, 2007 letter to Defendant IU.

"38.   Defendant IU responded with the March 27, 2007 letter to i.think.inc., agreeing to comply with the letter and abandoning its trademark application for ithink.com.

"39.   i.think.inc. subsequently reminded Defendant IU of the agreement on November 8, 2007, when i.think.inc. discovered that Defendant IU was using surveys on its website again. Defendant IU agreed to not use surveys and took those off its website. Defendant IU again agreed to not use surveys and took those off its website.

"40.   i.think.inc. relied upon the agreement between it and Defendant IU regarding Defendant IU's prohibition to conduct surveys on its website.

"41.   Defendant IU subsequently sold the domains to Defendants Minekey and Andra, who now use the domains for, in part, conducting opinion polls.

"42.   The parties operated under this agreement. Specifically, Defendant IU ceased using the phrase online surveys in association with ithink.com, and ithink.net and i.think.inc. did not sue.

"43.   Defendants Minekey and Andra's use of online opinion polls on the ithink.com website breaches the contract between Defendant IU and i.think.inc."

4. Plaintiff's allegations against Internet Unlimited do not state a claim for which relief can be granted. In fact, paragraph 42 expressly negates a claim for breach by stating that Internet Unlimited complied with its agreement with Plaintiff. The only purported breaches are alleged in paragraph 43, acts allegedly committed by Minekey and Andra, not Internet Unlimited. Thus, Plaintiff's Complaint fails to allege breach of the agreement by Internet Unlimited.

5. Plaintiff's Complaint further fails to allege that Plaintiff suffered any damages as a result of any conduct of Internet Unlimited.

6. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory. *In re Plywood Antitrust Litigation*, 655 F.2d 627 (5th Cir. 1981).

7. In the absence of a single count alleging actionable conduct by Internet Unlimited, Plaintiff's Complaint against Internet Unlimited should be dismissed under Rule 12(b)(6), FED. R. CIV. P.

Respectfully submitted,

_____
By: David S. O'Neil
Attorney-in-Charge
O'NEIL & MCCONNELL, PLLC
Texas Bar No. 15284715
9001 Forest Crossing Drive, Suite F
The Woodlands, Texas 77381
Telephone: (281) 639-7073
Facsimile: (281) 296-9393
Email: dave@dsoneil.com

ATTORNEYS FOR DEFENDANT
INTERNET UNLIMITED, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the below listed party by ECF on March 13, 2008:

| | |
|---|---|
| Mr. Joseph M. Cox | Mr. Craig W. Weinlein |
| Texas State Bar No. 04950200 | Texas State Bar No. 21095500 |
| Mr. Talcott J. Franklin | Mr. Berry R. Bell |
| Texas State Bar No. 24010629 | Texas State Bar No. 02068550 |
| Mr. Lawrence R. Youst | Mr. Omar Kilany |
| Texas State Bar No. 00794898 | Texas State Bar No. 024026974 |
| 2001 Ross Avenue | Carrington, Coleman, |
| Suite 3000 | Sloman & Blumenthal, LLP |
| Dallas, Texas 75201 | 901 Main Street |
| | Dallas, Texas 75202 |

David S. O'Neil