UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| i.think inc., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-08-CV-0163-P |
| | § | |
| MINEKEY, INC; | § | |
| DELIP ANDRA; and | § | ECF |
| INTERNET UNLIMITED, LLC | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

Plaintiff i.think inc. ("Plaintiff") replies to Defendant Minekey, Inc.'s and Defendant Delip Andra's ("Defendants") Response to Plaintiff's Motion to Remand as follows:

**I. Introduction and Legal Standard.**

Defendants oppose Plaintiff's Motion to Remand based on both diversity jurisdiction and federal question jurisdiction. Defendants bear a significant burden in attempting to maintain federal jurisdiction. Specifically, Defendants must show that federal jurisdiction exists and that the removal of this action from state court was proper.[1] "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."[2]

Plaintiff sought to resolve this dispute by injunction in the most cost-effective manner possible. Defendants determined to delay the injunction by removing the action to federal court, on the grounds that Plaintiff's petition requests damages/attorneys' fees in excess of $75,000 and secretly contains federal causes of action. Defendants cannot re-write Plaintiff's petition to suit

---

[1] *See Mangumo v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.").

[2] *Id.* (emphasis added).

PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND
Page 1
468833

removal needs, nor can Defendants prohibit Plaintiff from clarifying the petition.

Let Plaintiff be clear: If this Court remands the case to state court, Plaintiff will meet its objectives of cost-effective resolution by stipulating that it will not seek above $75,000 in "damages" (including costs and attorneys' fees), and will pursue its injunction and such damages only under state causes of action. However, if Defendants successfully "make a federal case out of this," then Plaintiff intends to file a complaint that conforms to federal court requirements, adds every relevant federal claim, and seeks the full amount of damages, costs, and attorneys' fees supportable by law. Indeed, this response would be consistent with Plaintiff's position that it styled the petition to avoid diversity jurisdiction and remain in state court.

## II. This Court Does Not Have Diversity Jurisdiction Because the Amount in Controversy Does Not Exceed $75,000.

"[A] district court has diversity jurisdiction over any case if (1) the parties are diverse and (2) 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.'"[3] The parties do not dispute diversity of citizenship, so only the amount in controversy is at issue. As to the amount in controversy, Plaintiff expressly waives any amount of relief or attorneys' fees in excess of $75,000 unless this action remains in federal court.

### A. The Value of Injunctive Relief for Trademark Infringement Cannot Be Measured Monetarily, and Therefore Does not Exceed $75,000.

Defendants properly assert that "[i]n actions seeking . . . injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[4] In a trademark action, however, the value of an injunction cannot be measured in the same manner as damages and therefore analyzing whether the value of enjoining trademark infringement is greater

---

[3] *Trapasso v. Prudential Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 628, 631 (E.D. Tex. 2002) (quoting 28 U.S.C. § 1332(a)).

[4] Defs.' Resp. to Pl.'s Mot. to Remand 1 (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 337 (1977)).

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**
**Page 2**
468833

or less than $75,000 is a pointless exercise.[5] Defendants' other assertions are likewise inapplicable to this action and should be disregarded.

### 1. The Supposed Fair Market Value of the Domain Names is Not the Value of the Object of the Litigation.

Defendants inaccurately characterize the object of the litigation as the general use or ownership of the domain names ithink.com and ithink.net. Defendants incorrectly assert that "plaintiff seek[s] to enjoin Minekey and Andra from using these domain names . . . ."[6] Plaintiff actually prayed, however, that the court issue injunctions preventing Defendants from "[d]isplaying or otherwise using 'iThink' in connection with online survey polls," and that the court issue "[a]n Order that Defendants Minekey and Andra expressly abandon use of 'iThink.'"[7] Plaintiff's Prayer for Relief does not concern the general use or ownership of the domain names, so long as Defendants cease using the domain names ithink.com and ithink.net <u>in connection with online survey polls</u>. The requested injunctive relief would not result in any change of ownership of the domain names, nor would it prevent Defendants from using the domain names in a manner that does not damage Plaintiff's mark. Ultimately, the domain names' values, whether it be what Defendants paid for them or what they believe they are worth in the market, are simply irrelevant to this action.

### 2. Defendants' Cost of Compliance with an Injunction is Irrelevant to the Amount in Controversy.

Based on <u>Seventh Circuit law</u>, Defendants argue that their cost of complying with an

---

[5] *See Citizens Fin. Group, Inc. v. Citizens Nat. Bank of Evans City*, 383 F.3d 110, 125 (3d Cir. 2004) (stating that "We have clearly held that 'trademark infringement amounts to irreparable injury as a matter of law.'" and finding that "The District Court's molding of the jury's verdict to encompass a lack of injury beyond the money damages was in error."); *Int'l Kennel Club, Inc. v. Mighty Star Inc.*, 846 F.2d 1079, 1092 (7th Cir. 1988) ("this court has: '[o]ften recognized that the damages occasioned by trademark infringement are by their very nature irreparable and not susceptible of adequate measurement for remedy at law....'").

[6] Defs.' Resp. to Pl.'s Mot. to Remand 1 n.1. Additionally, the reference to Plaintiff's "cease and desist letter sent prior to filing suit" has no bearing on the object of subsequently filed litigation.

[7] Pl.'s Original Pet. & Application for TRO 10-11.

injunction defines the value of the injunction to the plaintiff, and therefore dictates the amount in controversy. However, "[t]he longstanding rule in the Fifth Circuit is that 'the value to the plaintiff of the right to be enforced or protected determines the amount in controversy.'"[8] The Eastern District of Texas, in *Trapasso v. Prudential Property and Casualty Insurance Co.*, specifically distinguished the Fifth Circuit's "plaintiff perspective rule" from the Seventh Circuit's "either viewpoint approach," and noted that the "plaintiff perspective rule" is still the rule in the Fifth Circuit.[9] Thus, Defendants' reliance on the Seventh Circuit opinions does nothing to help Defendants meet their burden of showing that federal jurisdiction exists in this case.

### 3. Plaintiff's Rejection of Defendants' Settlement Offer Does Not Establish an Amount in Controversy Exceeding $75,000.

Defendants argue that, by rejecting a monetary offer greater than the jurisdictional amount, Plaintiff has indicated that the amount in controversy actually exceeds that amount. This argument ignores that Plaintiff primarily seeks an injunction, which is forward looking in nature,[10] and that "trademark infringement amounts to irreparable injury as a matter of law."[11] Defendants' citations deal with a monetary settlement offer in response to a request for only monetary relief.[12] Defendants' cynical $75,001 offer, to the extent it was really an offer at all,[13] fails to address the

---

[8] *Trapasso*, 220 F. Supp. 2d at 632. In response to the defendant's challenge that the plaintiff perspective rule was abandoned or relaxed in the Fifth Circuit, the court disagreed, and reaffirmed the rule, stating that "the plaintiff perspective rule of *Alfonso [v. Hillsborough County Aviation Auth.*, 308 F.2d 724 (5th Cir. 1962)] still applies to the general case where the plaintiff is seeking an injunction." *Id.* at 633.

[9] *Id.* at 632-33.

[10] J. Thomas McCarthy, *McCarthy on Trademarks* § 30:2 (4th ed. 2008) ("An injunction looks to the future, while money damages look to compensation for past injuries.").

[11] *Citizens Fin. Group, Inc.*, 383 F.3d at 125.

[12] *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006); *Savoy IBP 8 Ltd. v. Nucentrix Broadband Networks, Inc.*, 333 B.R. 114, 116 (N.D. Tex. 2005); *Alms, Ltd. v. Barnes*, No. Civ.A.3:98-CV-1784-P, 1998 WL 907034, (N.D. Tex. Dec. 16, 1998) ("ALMS requests an award of actual damages, punitive damages, interest and attorneys' fees."); *Carnahan v. S. Pac. R.R. Transp. Co.*, 914 F. Supp. 1430, 1431 (E.D. Tex. 1995) ("Each of the two plaintiffs are seeking damages for physical pain and mental anguish in the past and future as well as reimbursement for significant medical bills and related expenses.").

[13] Further, Defendants' offer of $75,001 as a basis for establishing diversity jurisdiction should be rejected by this Court on public policy grounds. At this point, Plaintiff knows that a settlement communication from Defendants

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**
Page 4
468833

primary relief sought by Plaintiff—an injunction protecting Plaintiff's mark against further irreparable injury.

### B. Plaintiffs Waive any Award of Attorneys' Fees That Would Make the Amount in Controversy Exceed $75,000 Unless this Action Is Not Remanded to State Court.

Defendants claim that the fees in this case will greatly exceed $75,000. Whether defense counsel, as sworn in the declaration, can ensure that Plaintiff's fees will "greatly exceed $75,000"[14] has no bearing on this case, however. Plaintiff has clarified that under the state court petition it will not seek damages, costs, and attorneys fees in excess of $75,000.[15]

### III. This Court Does Not Have Federal Question Jurisdiction Because Plaintiff Seeks Relief Only under State Causes of Action.

Defendants assert that "[s]o long as such federal claims are inchoate in the Original Petition, and are not expressly disclaimed, the Original Petition presents federal questions that independently justify the jurisdiction of this Court."[16] <u>Defendants cite no authority for this statement, because it is not the law.</u>[17]

"A federal claim does not exist simply because facts are available in the complaint to suggest such a claim."[18] In *Gemcraft Homes, Inc. v. Sumurdy*, the defendant, as in this case, attempted to make federal claims out of state claims:

---

may simply be a "set up" that Defendants will subsequently broadcast to the court. This cynical approach to settlement negotiations makes open and frank communication, and thus settlement, virtually impossible.

[14] Weinlein Decl. ¶ 10.

[15] *Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 214 (E.D. Tex. 1996) (Damage stipulations filed before a federal district court has passed upon its determination of jurisdiction are permissible "if they *clarify* as opposed to *amend* an original petition.") (emphasis in original).

[16] Def's Resp. at 6-7 (citing nothing).

[17] Defendants' argument is emblematic of the means by which defense counsel can ensure that a plaintiff's fees "will greatly exceed $75,000." *See LaSalle Bank Nat. Ass'n v. Capco Am. Securitization Corp.*, No. 02 Civ. 9916, 2006 WL 1227539, at *2 (S.D.N.Y. May 5, 2006) ("The fact that LaSalle's attorneys billed more hours than Capco's is explained by the need to respond to frivolous and meretricious arguments.").

[18] *IMT, Inc. v Haynes & Boone, L.L.P.*, No. CIV.A.3:98-CV-2634-, 1999 WL 58838, at *1 (N.D. Tex. Feb. 1, 1991).

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**
Page 5
468833

In the present case, defendants assert that plaintiff has pleaded all the elements of a copyright infringement claim and plaintiff's failure to invoke federal law is artful pleading.[19] Essentially, defendants are requesting that this Court supplement the causes of actions listed in plaintiff's complaint to add copyright infringement. The Court cannot grant defendants' request.

If the artful pleading doctrine were used to recast a plaintiff's complaint based on state law into a complaint based on federal law, without relation to complete pre-emption, the plaintiff would no longer be the master of his complaint. Yet, <u>the plaintiff is the master of his complaint and may rely exclusively on state law and prevent removal to federal court unless some other doctrine provides a basis for removal.</u> In the present case, plaintiff has stated claims only under state law. This court will not hold that plaintiff has stated a claim for copyright infringement simply because it is available from the facts set out in the complaint.[20]

The issue in *1st National Reserve, L.C. v Vaughan*[21] was almost identical. There, though the facts of the case could have supported a claim under the federal Lanham Act, the plaintiff chose not to assert such claims. The court stated that:

> ... plaintiff clearly has elected not to assert any rights it may have under the Lanham Act, but expressly relies only on its rights under common law and the Massachusetts statutes. A case to be removable must set forth a claim arising under Federal law. It is not enough that plaintiff might on the facts have asserted a Federal claim when he clearly has chosen not to do so.[22]

Truly, Plaintiff <u>could have</u> pled federal claims against Defendants. However, Plaintiff chose to plead only state law claims so that Plaintiff could stay in state court.[23] Defendants cannot obtain

---

[19] The artful pleading doctrine stands for the proposition that a plaintiff may not 'defeat removal by omitting to plead necessary federal questions in a complaint,'" *Gemcraft Homes, Inc. v Sunnundy*, 688 F. Supp. 289, 291 (E.D. Tex. 1988), and is limited to cases where federal law completely pre-empts state law. However, "the Lanham Act does not totally preempt the regulation and enforcement of trademarks." *1st Nat. Reserve, L.C. v Vaughan*, 931 F. Supp. 463, 467 (E.D. Tex. 1996).

[20] *Gemcraft Homes, Inc.*, 688 F. Supp. at 292 (emphasis added).

[21] 931 F. Supp. 463 (E.D. Tex. 1996).

[22] *1st Nat. Reserve*, 931 F. Supp. at 467.

[23] *See Gemcraft Homes, Inc.*, 688 F. Supp. at 292.

removal by reconstructing Plaintiff's state court claims into federal claims.[24] As a consequence, it is irrelevant whether or not the petition stated that Plaintiff's mark is famous,[25] alleged or failed to allege the state(s) in which Defendant used the mark,[26] failed to limit its prayer for relief to the state of Texas,[27] or attached demand letters threatening to seek relief under state and/or federal law.[28] The petition asserts state law claims that are not preempted by federal law, and Plaintiff has the right to so limit the petition.

## IV. Conclusion.

Because "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper," and because "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand,"[29] Defendants have simply not met their burden. This Court must grant Plaintiff's Motion to Remand because neither diversity jurisdiction nor federal question jurisdiction exist in this action.

---

[24] *1st Nat. Reserve*, 931 F. Supp. at 467.

[25] *See 1st Nat. Reserve*, 931 F. Supp. at 467 (refusing to recharacterize the plaintiff's claims simply because they may track some language in the Lanham Act).

[26] The petition alleges that Defendants use the mark in connection with "Facebook," Pl.'s Pet. ¶ 14, which is a website and thus available in Texas. Assuming it is necessary to do so, the Court can infer that web sites on the internet are available in Texas by drawing all reasonable inferences in favor of the petition. *Cf. Lunney v. U.S.*, 319 F.3d 550, 554 (2d Cir. 2003).

[27] *1st Nat. Reserve*, 931 F. Supp. at 467 ("As a general matter, the court is of the opinion that a state court may issue remedies that are national and even international in effect.").

[28] *See 1st Nat. Reserve*, 931 F. Supp. at 467 ("It is not enough that plaintiff might on the facts have asserted a Federal claim when he clearly has chosen not to do so.").

[29] *Mangieri*, 276 F.3d at 723.

Dated: March 19, 2008						Respectfully submitted,

							*/s/ Talcott J. Franklin*

							Joseph M. Cox
							State Bar No. 04950200
							Talcott J. Franklin
							Texas Bar No. 24010629
							Lawrence R. Youst
							Texas Bar No. 00794898
							Patton Boggs, LLP
							2001 Ross Avenue, Suite 3000
							Dallas, Texas 75201
							Telephone: (214) 758-1500
							Facsimile: (214) 758-1550


							ATTORNEYS FOR PLAINTIFF i.think inc.

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing document was served upon all counsel of record by notice of electronic filing, pursuant to Fed. R. Civ. P. 5(b)(2)(D), today, March 19, 2008.

Craig W. Weinlein
Barry R. Bell
Omar Kilany
CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
(214) 855-3000 (telephone)
(214) 855-1333 (facsimile)

                                              */s/ Talcott J. Franklin*
                                              Talcott J. Franklin