IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| i.think inc., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civ. Action No. |
| | § | 3:08-CV-0163-P |
| MINEKEY, INC., DELIP ANDRA, | § | |
| and INTERNET UNLIMITED, LLC, | § | |
|     Defendants. | § | |

## **ORDER**

Now before the Court is a Motion to Remand filed by Plaintiff i.think inc. ("i.think") February 13, 2008. A Response was filed by Defendants Minekey, Inc. ("Minekey") and Delip Andra March 4 and a Reply followed on March 19. After careful consideration of the parties' briefing and the law, and for the reasons stated below, the Motion to Remand this case is DENIED.

## **I. Background**

This case was filed January 30, 2008 in the 160th Judicial District of Dallas County (the "160th District Court") by i.think, an online research services corporation registered in Texas. (Mot. App. 1 (Aff. of Beth Mack); Notice of Removal Ex. 1 (Pl.'s Original Pet. ("Pet.")).) The state-court petition (the "Petition") alleges that Minekey acquired the domain names "ithink.com" and "ithink.net" from Defendant Internet Unlimited, LLC ("IU"). (Pet. ¶ 12.) Minekey and Andra use the domain names in connection with online opinion polls, primarily having to do with Facebook.[1] (*Id.* ¶ 14.) IU used the domains in connection with online services, ceasing use when i.think "sent

---

[1] "Facebook is a social utility that connects people [online] with friends and others who work, study and live around them. People use Facebook to keep up with friends . . . and learn more about the people they meet." About Facebook, http://www.facebook.com/about.php (last visited Apr. 24, 2008).

**Order**
**3:08-CV-0163-P**
**Page 1 of 7**

notice that those uses were infringing on i.think inc.'s service mark." (*Id.* ¶ 13.) Since May 1997, i.think has used its "i.think inc." mark in connection with "a range of online research services." (*Id.* ¶ 8.) i.think also operates the website "ithinkinc.com." (*Id.* ¶ 11.) On January 8, 2008, i.think's attorneys sent a cease-and-desist letter to Andra at the address that Minekey provides on its website. (Mot. Ex. 1 ¶ 6.) i.think demanded "that Andra immediately stop using and transfer ithink.com and ithink.net to i.think inc." and that Andra respond to the letter by January 18, 2008. (*Id.*) Minekey responded to the letter informing i.think that the allegations were being investigated. (*Id.* ¶ 7.) By January 30, 2008, and after no further response from Minekey was received, i.think filed this lawsuit in the 160th District Court. (*Id.* ¶ 8.)

i.think cites to several instances of alleged actual confusion associated with Minekey, Andra, and IU's (collectively, "the Defendants'") uses of the domains. (*Id.* ¶ 15–18.) i.think inc. also alleges that the Defendants' use of "iThink" in connection with data collection and opinion polls dilutes and injures its own mark. (*Id.* ¶ 21.) The Petition alleges trademark infringement under Texas law, breach of contract, and seeks injunction against the Defendants. On February 1, 2008, Minekey and Andra removed the case from the 160th District Court to this Court on the basis of diversity of citizenship and, in the alternative, federal question. (Notice of Removal ¶¶ 2, 9 (citing 28 U.S.C. §§ 1331, 1332, 1338; 15 U.S.C. § 1121.).) i.think "does not seek, and expressly waives, damages in an amount greater than $75,000.00, exclusive of interest and costs." (Mot. Remand. Ex. 1 ¶ 11.)

## II. Analysis

Minekey and Andra assert that this Court's authority over this case arises through its diversity-of-citizenship and federal-question jurisdiction. Because the Court has jurisdiction based on the complete diversity of citizenship of the parties and the requisite amount in controversy at stake, the issue of a federal question is not addressed in this Order.[2] The burden of establishing that original jurisdiction exists lies with the removing party. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Doubts as to the propriety of removal should be construed strictly in favor of remand. *See id.* A party may remove a case brought in a state court when the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a).

For jurisdiction to exist under 28 U.S.C. § 1332, the parties must be of completely diverse citizenship, and the amount in controversy must exceed $75,000. The parties agree that diversity of citizenship among the parties exists.[3] i.think argues that this Court lacks diversity-of-citizenship jurisdiction because the action fails to meet the amount-in-controversy requirement. (Mot. 3.) When a state-court petition does not allege a specific amount of damages, as here, the removing defendants must prove that the amount exceeds the statutory requirement by a preponderance of the evidence. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). A court may determine that the

---

[2] Generally, "a suit arises under the law that creates the cause of action." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (internal quotation marks omitted). Here, i.think makes only claims for relief under the Texas Business and Commerce Code §§ 16.26, 16.29. There exists no basis for federal jurisdiction on the face of the Petition. *See Cedillo v. Valcar Enters. & Darling Del. Co.*, 773 F. Supp. 932, 934 (N.D. Tex. 1991). Even though, as Minekey and Andra argue, some of the terms employed in the Petition are more consistent with a federal trademark lawsuit than an state trademark lawsuit, the relief requested and the cause of action as stated arise under the state law alone.

[3] According to the Petition, Plaintiff i.think is a Texas corporation; Defendants Minekey and Andra are both citizens of California, and IU is a citizen of Florida. (Pet. ¶ 1–4.)

removal was proper if "facially apparent" that the amount in controversy will exceed $75,000. *Id.* If the amount in controversy is not facially apparent, the "removing attorney may support federal jurisdiction by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Id.* If the amount in controversy is not facially apparent, the parties may submit summary-judgment-type evidence to establish the amount in controversy. *Id.* at 1336.

In this case, the amount in controversy is not facially apparent. The only monetary figure cited in the Petition is that i.think inc. generates approximately $2 million per year. (Pet. ¶ 25.) No value is assigned to the domains or to the harm allegedly suffered. Because it is not apparent from the Petition, the Court looks to the evidence submitted by the parties to determine the amount in controversy.

**A.  The Value of the Domains.**  Attached to the Notice of Removal is Andra's declaration that the injunctive relief sought by i.think would "result in losses substantially exceeding $75,000," including the $95,000 they expended in acquiring the ithink.com and ithink.net domains. i.think correctly argues that a determination of amount in controversy should be made considering the benefit to the plaintiff, not from the potential cost to a defendant. *See Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.1 (5th Cir. 1996). However, this evidence of the *value* of the domain names, the property around which this suit is centered, is relevant to determining the value of the benefit to i.think which is at stake in this litigation.

i.think reiterates that it does not seek "general use or ownership of the domain names," but rather that the Defendants "cease using the domain names . . . in connection with online survey

polls."[4] (Reply. 3 (emphasis omitted).) This fact, even if true, does not render the value of the domain names irrelevant. That is, in a case seeking equitable relief such as an injunction, the amount in controversy "is the value of the object of the litigation." *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 640 (5th Cir. 2003) (citing *Hunt v. Wash State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). The value of the domains at issue in this litigation exceeds the amount in controversy requirement.

**B. Evidence of Attorneys' Fees.** Minekey and Andra attach to their Response to i.think's Motion to Remand a declaration from attorney Craig Weinlein in which Weinlein estimates that i.think's attorneys' fees alone will exceed $75,000.[5] "While the requisite amount excludes costs, it can include attorney fees if recoverable by law." *Ham*, 2005 U.S. Dist. LEXIS 3682, at *7. The attorneys' fees at stake also support the proposition that the amount in controversy will exceed $75,000.

i.think inc. attempts to "expressly waive[]" damages, costs, and attorneys' fees above $75,000. (Mot. Ex. 1 ¶ 1; Reply 5.) However, at the time this waiver was executed through Mack's affidavit, the removal had already occurred, and post-removal affidavits are irrelevant unless they

---

[4] This proposition is undermined by Mack's affidavit in which she recalls the pre-suit demand made on Minekey and Andra, in which i.think demanded not only that the Minekey and Andra cease using the domains, but also that they "transfer [the domains] to i.think inc." (Mot. Ex. ¶ 6.)

[5] Weinlein has practiced since June of 1981 and is a partner in an over ninety-person firm in Dallas, Carrington, Coleman, Sloman & Blumenthal, LLP ("Carrington–Coleman"). (Weinlein Declaration ¶ 5.) He is the leader of Carrington–Coleman's intellectual property practice group and has litigated over forty trademark-infringement actions in the past ten years alone. (*Id.*) Weinlein believes the hourly rates at his firm are comparable to those charged by i.think's counsel at Patton Boggs, LLP. (*Id.* ¶ 9.)

pertain to the time of removal.[6] *See Allen*, 63 F.3d at 1336 ("[A]ny post-petition affidavits are allowable only if relevant to [the time of removal]."); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938) ("[E]vents occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction once it has attached."). Further, this waiver is insufficient when weighed against the substantial evidence presented by Minekey and Andra as to the amount in controversy.

This evidence of the attorneys' fees and the value of the domain names each individually establish an amount in controversy in this case exceeding $75,000. Together, they present overwhelming evidence supporting federal jurisdiction.[7]

---

[6] i.think inc. provides the Court with a Texas district court case in which the Magistrate Judge, on considering the record as a whole, remanded a case after a plaintiff expressly waived damages in excess of $75,000. *Billing Concepts, Inc. v. OCMC, Inc.*, SA-05-CA-1084, 2006 WL 1677776 (W.D. Tex. Jun. 8, 2006). In that case, however, the Defendant "did not provide any proof to establish that the amount in controversy meets the jurisdictional minimum." *Id.* at *4. Here, Minekey and Andra provide Andra's declaration, the affidavit of attorney Craig Weinlein, and the February 26 Letter in support of their contention that the amount in controversy exceeds $75,000.

[7] Defendants have also prevented offer-of-settlement evidence supporting the amount in controversy. Offers of settlement are relevant evidence of the amount in controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2001); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("While [a] settlement offer, by itself, may not be determinative [of amount in controversy], it counts for something."); *cf., e.g., Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (discussing the use of settlement-offer evidence in determining the amount in controversy for purposes of a defendant's notice removability). Minekey and Andra provide a letter dated February 26, 2008 in which Minekey offers i.think $75,346 to settle the lawsuit against them. (Resp. Ex.) The offer was rejected by i.think. (Resp. 4.) The Court considers this settlement offer as some evidence of the amount in controversy. However, because i.think also requests the Court enjoin Minekey and Andra from using the domains (at least in some capacity), the offer does not address a key part of the relief i.think seeks in this litigation. The offer of settlement is not given much weight in this case; but there is more than sufficient evidence aside from the offer of settlement to support the Court's finding an amount in controversy exceeding $75,000.

## III. Conclusion

For the aforementioned reasons, the Plaintiffs' Motion to Remand this case is DENIED.

**IT IS SO ORDERED.**

Signed April 30, 2008.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE