UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| i.think inc., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 3-08-CV-0163-P |
| § | |
| MINEKEY, INC. and § | |
| DELIP ANDRA § | ECF |
| § | |
| § | |
| *Defendants*. § | |

### PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff i.think inc. files this Unopposed Motion for Leave to File an Amended Complaint (the "Motion") under Federal Rule of Civil Procedure 15(a)(2). A copy of the Amended Complaint is attached hereto as Exhibit 1. Plaintiff further requests leave from the Court to change the caption of the case, as above, to reflect the dismissal of Internet Unlimited LLC ("IU"). Plaintiff filed a Notice of Dismissal on June 30, 2008 as Document 27 in Civil Action No. 3-08-CV-0163-P.

Plaintiff's Amended Complaint:

- Removes IU as a defendant.

- Removes the breach of contract claim, which was against only IU.

- Adds causes of action for unfair competition under both Texas and federal law, federal trademark infringement, and federal trademark dilution.

482237

## I. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) expressly states that "[t]he court should freely give leave [to amend] when justice so requires,"[1] and "evinces a bias in favor of granting leave to amend."[2] While "[t]he decision whether to grant or deny leave to amend is within the sound discretion of the district court," "[a]bsent substantial reason, the court's discretion is not broad enough to permit denial."[3]

> Under the liberal standard of Rule 15(a), few reasons will justify denying a motion to amend the pleadings. Those reasons include (1) undue delay, bad faith or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of the allowance of the amendment; and (4) futility of the amendment.[4]

## II. Plaintiff Should Be Granted Leave to Amend

None of the reasons justifying a court's denial of a motion to amend a pleading are present here, and based upon the liberal Rule 15(a) standard and its bias in favor of granting leave to amend, this Court should grant Plaintiff's Motion.

First, there has been neither undue delay, bad faith, nor a dilatory motive on the part of the Plaintiff. Any delay in seeking leave to file an Amended Complaint was due to Plaintiff's desire to resolve the matter without further burdening the Court during ongoing settlement discussions. Plaintiff's actions regarding the Amended Complaint have been carried-out in good faith and without any dilatory motive.

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996) (quoting *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982)).

[3] *Trugreen Ltd. P'ship. v. Rogers*, No. Civ. 3:97-CV-0606-H, 1997 WL 733860, *1 (N.D. Tex. Nov. 18, 1997).

[4] *Id.*

Second, this is the first time Plaintiff has requested leave to file an Amended Complaint.

Third, allowing the amendment will cause no undue prejudice to the opposing party. In fact, Defendants are unopposed to this motion.

Finally, the amendment is not futile. Plaintiffs filed their Original Petition and Application for Temporary and Permanent Restraining Order in Texas state court, pleading causes of action under Texas law only. Defendants removed the case to this Court, and despite Plaintiff's attempt to have the case remanded to state court, the case remains in federal court. Now that Plaintiff has been removed to federal court, Plaintiff desires to add federal causes of action against Defendants. Further, Plaintiff has dismissed, without prejudice, one of the original Defendants in the action, IU. The Amended Complaint removes the breach of contract claim, which was brought solely against IU. These changes show that the amendment is not futile, but it makes necessary changes to the state court petition originally filed.

## III. Conclusion

For the reasons stated above, Plaintiffs respectfully request that this Court grant its Motion for Leave to File an Amended Complaint and change the caption of the case to reflect IU's dismissal, without prejudice, from the action.


Dated: July 1, 2008

482237

Respectfully submitted,

PATTON BOGGS LLP

*/s/ Lawrence R. Youst*
Lawrence R. Youst
State Bar No. 00794898
Joseph M. Cox
State Bar No. 04950200
Talcott J. Franklin
Texas Bar No. 24010629
Jeffrey T. Prudhomme
State Bar No. 24053696
2001 Ross Avenue, Suite 3000
Dallas, Texas 75201
Telephone: (214) 758-1500
Facsimile: (214) 758-1550

ATTORNEYS FOR PLAINTIFF i.think inc.

**CERTIFICATE OF CONFERENCE**

I hereby certify that on July 1, 2008, I, counsel for Plaintiff i.think inc., conferred with Craig W. Weinlein, counsel for Defendants Minekey and Delip Andra, who confirmed that Defendants are unopposed to the relief requested herein.

*/s/ Jeffrey T. Prudhomme*
Jeffrey T. Prudhomme

**CERTIFICATE OF SERVICE**

This is to certify that the above and foregoing document was served upon all counsel of record by notice of electronic filing, pursuant to Fed. R. Civ. P. 5(b)(2)(E), today, July 1, 2008.

Craig W. Weinlein
Barry R. Bell
Omar Kilany
Prescott W. Smith
Carrington, Coleman, Sloman & Blumenthal, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
(214) 855-3000 (telephone)
(214) 855-1333 (facsimile)

*/s/ Jeffrey T. Prudhomme*
Jeffrey T. Prudhomme

482237