UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| i.think inc., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-08-CV-0163-P |
| | § | |
| MINEKEY, INC. and | § | |
| DELIP ANDRA | § | ECF |
| | § | |
| | § | |
| *Defendants.* | § | |

# PLAINTIFF'S AMENDED COMPLAINT

Plaintiff i.think inc. ("ITI") files this Amended Complaint against Minekey, Inc. ("Minekey") and Delip Andra ("Andra") (collectively, "Defendants") and states as follows:

## I. PARTIES

1.  Plaintiff ITI is a Texas corporation registered to do business in the State of Texas.

2.  Defendant Minekey is a California corporation with the following address:

    Minekey, Inc.
    440 N. Wolfe Road
    Sunnyvale, CA 940858

3.  Defendant Andra is an individual with the following address:

    Minekey, Inc.
    440 N. Wolfe Road
    Sunnyvale, CA 940858

## II. JURISDICTION AND VENUE

4. In its Order dated April 30, 2008, this Court determined that it has jurisdiction over this matter under 28 U.S.C. § 1332 because the damages sought by ITI exceed $75,000 and because the parties' citizenship is completely diverse.

5. Venue is proper in this district under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## III. FACTS

### The i.think inc Service Mark

6. ITI is an online research services company with over ten years of experience in meeting online research needs. A pioneer in the field of Internet-based survey services, ITI is consistently relied upon to gather consumer information on a rapid basis.

7. In 1997, ITI began operations to meet the requirements of researchers who need to evaluate material quickly and accurately. ITI offers a range of online research services, from providing panelists to full-service quantitative surveys. ITI also provides qualitative research online. ITI uses proprietary software tools and maintains its own online panel.

8. ITI has been dedicated to developing and maintaining a panel of high-quality respondents who care about providing real and honest feedback that its customers rely upon in their decision making processes. Panelists come to ITI through referrals and charity programs, increasing the confidence its clients have in the panel.

9. Since at least May 1997, ITI has used the i.think inc service mark in connection with these services. The i.think inc. service mark was registered on December 27, 1997 in the

State of Texas as Registration Nos. 57402 and 57403 and the i.think inc service mark was registered on December 18, 2007 as U.S. Registration No. 3,355,268.[1]

10. In connection with its business, ITI also operates the www.ithinkinc.com website. Plaintiff prominently displays the i.think inc service mark on this website.

11. ITI uses its i.think inc mark in Texas.

### Defendants' Use of the iThink Mark

12. On or about December 13, 2007, ITI first discovered that Defendants were operating a website that uses the "iThink" mark. Further, Defendants operate the ithink.com and ithink.net domains (the "Domains").

13. Defendants acquired the Domains from Internet Unlimited, LLC ("IU"), which previously used the Domains in connection with online surveys, but ceased those activities after ITI sent notice that those uses were infringing on ITI's i.think inc service mark.

14. Defendants use the Domains and the "iThink" mark in connection with online opinion polls, primarily conducted in association with such Internet networking sites as Facebook, MySpace, Hi5, and Friendster.

15. Defendants use the iThink mark in Texas by way of the Internet.

16. Defendant Andra is listed as the registrant for both Domains.

### Defendants' Infringement of the i.think inc Brand Has Created Actual Confusion

17. ITI and Defendants both use the internet as a tool for conducting surveys and polls.

---

[1] The mark as registered in Texas includes a period at the end("i.think inc."), while the federally registered mark does not include a period at the end ("i.think inc"). This Complaint uses the form of the federally registered Mark and does not include the period at the end.

18. Defendants' use of the iThink mark and the Domains in connection with online surveys has created actual confusion.

19. Since Defendants have owned the Domains, the following instances of confusion have occurred:

    a. On December 19, 2007, an individual mistakenly sent an email to ITI asking whether there was a way to earn money by way of a survey.

    b. On December 22, 2007, an individual mistakenly sent an email to ITI stating that she could not log in with her email address and password.

20. ITI does not charge any money to respondents and does not require respondents to purchase any items.

**Defendants' Use of the iThink Mark Dilutes Plaintiff's Service Mark**

21. ITI engages in true research, with a scientific methodology, for a business purpose, for a variety of clients, including Fortune 500 companies. Accordingly, ITI applies a rigorous standard for designing surveys.

22. Defendants, on the other hand, do not conduct surveys using scientific methodology. Their surveys simply collect data for the purpose of social networking.

23. Because ITI is a reputable and well-known company for online surveys, using scientific standards, Defendants' use of the iThink mark in connection with data collection opinion polls tarnishes and dilutes ITI's i.think inc service mark because Defendants' online polls are not conducted with the same standards as ITI's and therefore diminish ITI's reputation for producing quality surveys.

24. Further, prospective clients and customers who are trying to reach ITI will likely never get to ITI after seeing Defendants' website. Prospective clients and customers will

likely visit one of the Domains and, after seeing the opinion polls, determine that they neither want nor need the service offered on the Domains, looking no further.

### The i.think inc Service Mark is Distinctive

25. The i.think inc mark is a distinctive name the field of online surveys. A search for the i.think inc mark in Google and Yahoo! displays only Plaintiff in the field of online surveys.

26. The i.think inc mark is a strong mark because at best it is suggestive of a company of thinkers, like Rand Corporation. ITI, however, is not a think tank. ITI is a company that offers a range of online research services.

### The i.think inc Service Mark is Famous

27. ITI has developed a panel that now contains over 400,000 working e-mail addresses from households containing 1.25 million individuals.

28. Hundreds of thousands of panelists have provided their honest feedback through these surveys. Hundreds of clients—including leaders in the national advertising and market research industry as well as many Fortune 500 companies—have used ITI to improve their products and their companies. Since 1997, millions of online interviews have been conducted using ITI's patent pending Survey Engine.

29. ITI does approximately $2 million in business per year. The company has been quoted in articles and is a respected member of both the Marketing Research Association and the American Marketing Association.

30. The i.think inc service mark is widely recognized by the general consuming public of the United States as a designation of source of ITI's services.

# IV.
# PRELIMINARY INJUNCTION

31. Plaintiff incorporates here by reference the preceding paragraphs.

32. Plaintiff has a substantial likelihood of success on the merits for the reasons set forth in this Complaint.

33. As a result of Defendants' ongoing activities, there is a substantial threat that ITI will suffer irreparable harm. Specifically, Defendants' ongoing infringement of ITI's i.think inc service mark will irreparably harm ITI because customers and potential customers will be unable to locate ITI services on the Internet and will become frustrated. This association will damage ITI's reputation, as well as dilute the strength of the i.think inc service mark, which are irreparable injuries. Further, no adequate remedy at law exists because the damages to ITI are in part immeasurable.

34. The injury faced by ITI outweighs the injury Defendants will sustain if this Court grants injunctive relief. Defendants only recently began using the Domains.

35. Prevention of consumer confusion would serve the public interest and the legitimate business interests of all parties involved.

# V. CAUSES OF ACTION

# COUNT I
# TRADEMARK INFRINGEMENT UNDER TEXAS LAW

36. Plaintiff incorporates here by reference the preceding paragraphs.

37. Both Plaintiff and Defendants use their marks in Texas.

38. Defendants' actions constitute trademark infringement of ITI's i.think inc service mark and palming-off of Defendants' services to be understood as services from ITI.

39. Defendants' use of the iThink mark creates a likelihood of confusion in the minds of the public as to the source and approval of Defendants' products. Further, this creates the impression that ITI is responsible for the quality of the services offered by Defendants.

40. Defendants' conduct violates Texas Business and Commerce Code § 16.26.

## COUNT II
## TRADEMARK INFRINGEMENT UNDER FEDERAL LAW

41. Plaintiff incorporates here by reference the preceding paragraphs.

42. The i.think inc mark is a federally registered service mark.

43. Defendants' actions constitute trademark infringement of ITI's i.think inc service mark. Not only is Defendants' use of the iThink mark likely to cause confusion, it has actually caused confusion.

44. Defendants' conduct violates 15 U.S.C. § 1114.

## COUNT III
## INJURY TO TRADE NAME AND DILUTION UNDER TEXAS LAW

45. Plaintiff incorporates here by reference the preceding paragraphs.

46. The i.think inc service mark is distinctive.

47. Defendants' use of the iThink service mark is likely to cause injury to ITI's business reputation or dilute the distinctive quality of the i.think inc service mark.

48. Defendants' conduct violates Texas Business and Commerce Code § 16.29.

## COUNT IV
## DILUTION UNDER FEDERAL LAW

49. Plaintiff incorporates here by reference the preceding paragraphs.

50. In addition to being distinctive, the i.think inc service mark is famous.

51. Defendants' use of the iThink service mark, commenced after the i.think inc service mark had become famous, is likely to cause dilution by blurring and dilution by tarnishment.

52. The similarity between Defendants' iThink mark and Plaintiff's i.think inc mark impairs the distinctiveness of the famous i.think inc mark.

53. The similarity between Defendants' iThink mark and Plaintiff's i.think inc mark harms the reputation of the i.think inc mark.

54. Defendants' conduct violates 15 U.S.C. § 1125(c).

## COUNT V
## UNFAIR COMPETITION UNDER TEXAS LAW

55. Plaintiff incorporates here by reference the preceding paragraphs.

56. Plaintiff and Defendants are competitors.

57. Plaintiff's i.think inc service mark has acquired secondary meaning.

58. Defendants' use of their iThink service mark for online opinion polls creates a likelihood of confusion.

59. Defendants' actions constitute unfair competition under Texas common law.

## COUNT VI
## UNFAIR COMPETITION UNDER FEDERAL LAW

60. Plaintiff incorporates here by reference the preceding paragraphs.

61. Defendants' use of their iThink service mark for online opinion polls creates a likelihood of confusion.

62. Defendants' actions constitute unfair competition under 15 U.S.C. § 1125(a).

# PRAYER FOR RELIEF

Plaintiff requests judgment against Defendants that includes, without limitation:

1. A preliminary and permanent injunction ordering that Defendant Minekey, its officers, directors, shareholders, agents, servants, employees, and attorneys, and all those in active concert or participation with them, and each of them, and Defendant Andra be preliminarily and permanently enjoined from:

    i. Displaying or otherwise using "iThink" in connection with online survey polls;

    ii. Acting in any manner likely to dilute, tarnish, or blur the distinctiveness of Plaintiff's service mark; and

    iii. Misappropriating or otherwise unfairly trading upon the goodwill of ITI and the i.think inc service mark.

2. An Order that Defendants Minekey and Andra expressly abandon use of the "iThink" mark.

3. Damages in an amount to be determined at trial.

4. Reasonable costs and attorneys' fees.

5. Such other, further, and different relief as the court may deem just and proper.

# JURY TRIAL DEMAND

Plaintiff also demands jury trial.

Respectfully submitted,

*/s/ Lawrence R. Youst*
Lawrence R. Youst
State Bar No. 00794898
Joseph M. Cox
State Bar No. 04950200
Talcott J. Franklin
Texas Bar No. 24010629
Jeffrey T. Prudhomme
Texas Bar No. 24053696
2001 Ross Avenue, Suite 3000
Dallas, Texas 75201
Telephone: (214) 758-1500
Facsimile: (214) 758-1550

ATTORNEYS FOR PLAINTIFF
i.think inc.

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing document was served upon all counsel of record by notice of electronic filing, pursuant to Fed. R. Civ. P. 5(b)(2)(E), today, July 2, 2008.

Craig W. Weinlein
Barry R. Bell
Omar Kilany
Prescott W. Smith
Carrington, Coleman, Sloman & Blumenthal, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
(214) 855-3000 (telephone)
(214) 855-1333 (facsimile)

*/s/ Jeffrey T. Prudhomme*
Jeffrey T. Prudhomme